IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:

| | | |
|---|---|---|
| **Maria Polio** | * | Case No. 16-17737 TJC |
| | * | |
| | * | Chapter 13 |
| Debtor(s), | * | |

**THIRD AMENDED CHAPTER 13 PLAN**

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (select only one):

   a. $_____ per month for a term of __ months. OR

   b. **$5,000 (total) for months 1-8,**
      **$1,550 per month for months 9-60,**
      **for a total term of 60 months.**

   c. $_____ per month prior to confirmation of this plan, and
      $_____ per month after confirmation of this plan, for a total term of ____ months
      (if this option is selected, complete 2.e.i).

   The Debtor(s) shall provide the Trustee with copies of State & Federal tax returns for the years designated below within 15 days of filing the returns (and shall timely file the returns on or before April 15 of each year due.
   This commitment covers tax years: 2016, 2017, 2018, 2019, and 2020.

2. From the payments received, the Trustee will make the disbursements described below:
   a. Allowed unsecured claims for domestic support obligations and Trustees commissions.
   b. Administrative claims under 11 U.S.C. ' 507(a)(2), including attorneys fee balance of $ **per fee application** (unless allowed for a different amount upon prior or subsequent objection).
   c. Claims payable under 11 U.S.C. ' 1326(b)(3). Specify the monthly payment: $_____.
   d. Other priority claims defined by 11 U.S.C. ' 507 (a)(3) - (10). The Debtor anticipates the following claims:
   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

      i. Until the plan is confirmed, adequate protection payments and/or

personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

<u>Claimant</u>            <u>Redacted Acct. No.</u>            <u>Monthly Payment</u>

  ii. Pre-petition arrears on the following claims will be paid through equal monthly accounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

<u>Claimant</u>                          <u>Anticipated Arrears</u>    <u>Mo. Pmt.</u>    <u>No. of Mos.</u>

  iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

<u>Claimant</u>            <u>Amount</u>        <u>Interest Rate</u>    <u>Mo. Pmt.</u>    <u>No. of Mos.</u>

**Wells Fargo**        $62,340.68    5.5%            $1,411.70    50

  iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

  v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

  **Capital One Mortgage**

  vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

  vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

 f. After payment of priority and secured claims, the balance of funds will be paid **100%** on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3.  The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien (Indicate the asserted value if the secured claim for any motion to value collateral.):

4.  Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5.  Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.  The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7.  Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.  Non-standard Provisions: **The Debtor(s) and Estate reserve all rights to pursue objections to claims and any related civil actions that are filed six (6) months after the confirmation order.**

Date:   February 21, 2017              /s/  Maria Polio
                                       Debtor, Maria Polio

/s/ Morgan W. Fisher
Morgan W. Fisher, #28711

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading above referenced to be sent on this date, by first class U.S. mail, postage prepaid to all creditors on the attached mailing matrix.

Date:  February 21, 2017                                                      /s/ Morgan W. Fisher
                                                                                         MORGAN W. FISHER, #28711

```
Label Matrix for local noticing        Wells Fargo Bank, N.A.                 Capital One Bank, NA
0416-0                                  c/o John L. Doran                      3905 N Dallas Pkwy
Case 16-17737                           Sun Law Firm                           Plano, TX 75093-7892
District of Maryland                    7309 Baltimore Avenue
Greenbelt                               Suite 117
Tue Jul  5 15:37:51 EDT 2016            College Park, MD 20740-3200

Capital One, Na                         Chase Card                             Comptroller of the Treasury
Po Box 30273                            Po Box 15298                           Compliance Division, Room 409
Salt Lake City, UT 84130-0273           Wilmington, DE 19850-5298              301 W. Preston Street
                                                                               Baltimore, MD 21201-2305

Discover Fin Svcs Llc                   John Doran, Esq                        Prsm/cbna
Po Box 15316                            SUD Law Firm                           Po Box 6497
Wilmington, DE 19850-5316               7309 Baltimore Avenue, Suite 117       Sioux Falls, SD 57117-6497
                                        College Park, MD 20740-3200

Salomon Polio                           Springleaf Financial S                 State of Maryland DLLR
12248 Bond Street                       600 Nw 2nd St                          Division of Unemployment Insurance
Silver Spring, MD 20902-2111            Evansville, IN 47708-1014              1100 N. Eutaw Street, Room 401
                                                                               Baltimore, MD 21201-2225

Syncb/jcp                               Target Nb                              Taxing Authority of Montgomery County
Po Box 965007                           Po Box 673                             Division of Treasury
Orlando, FL 32896-5007                  Minneapolis, MN 55440-0673             255 Rockville Pike, Ste.  L-15
                                                                               Rockville, MD 20850-4188

Victor Portillo                         Wells Fargo Hm Mortgag                 Wfds/wds
                                        Po Box 10335                           Po Box 1697
                                        Des Moines, IA 50306-0335              Winterville, NC 28590-1697

Maria Polio                             Morgan William Fisher                  Timothy P. Branigan
12248 Bond St                           Law Offices of Morgan Fisher LLC       14502 Greenview Drive
Silver Spring, MD 20902-2111            172 West St.                           Suite 506
                                        Annapolis, MD 21401-2824               Laurel, MD 20708-4222

End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20
```